107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Louis RUGGERIO, Jr., et al., Defendants,
Robert CHERRY, Defendant-Appellant.
 No. 96-1327.
 United States Court of Appeals, Second Circuit.
 Feb. 10, 1997.
 
 1
 APPEARING FOR APPELLANT: PAUL MADDEN, ESQ. BROOKLYN, NEW YORK
 
 
 2
 APPEARING FOR APPELLEE: GUY PETRILLO, ESQ. ASSISTANT UNITED STATES ATTORNEY, NEW YORK, SOUTHERN DISTRICT OF NEW YORK
 
 
 3
 Present: WALKER, Jr., PARKER, HEANEY,* Circuit Judges.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Schwartz, A.), and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 6
 On September 22, 1994, Robert Cherry ("Cherry") pled guilty to one count of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). On May 3, 1995, Cherry, appearing pro se, filed a motion to withdraw his guilty plea on the ground, inter alia, that he did not understand the nature of the offense charged and the punishment that might be imposed. On February 5, 1996, newly appointed defense counsel submitted a supplemental letter in support of Cherry's motion. In an opinion issued on March 20, 1996, the district court denied the motion, and on May 14, 1996, sentenced Cherry to 240 months' imprisonment to be followed by a three year term of supervised release, and a $50 special assessment. See United States v. Cherry, No. S92 Cr. 811, 1996 WL 131864 (S.D.N.Y. Mar. 21, 1996). Cherry now appeals the final judgment of conviction on the ground that the district court abused its discretion by denying Cherry's motion to withdraw his guilty plea. We affirm the judgment of the district court.
 
 
 7
 A district court's findings of fact supporting the denial of a motion to withdraw a guilty plea are subject to the clearly erroneous standard of review, whereas the denial itself is reversed only if it constitutes an abuse of discretion. See United States v. Williams, 23 F.3d 629, 635 (2d Cir.1994). It is well established that a defendant has no absolute right to withdraw his or her guilty plea. Rather, Rule 32(d) of the Federal Rules of Criminal Procedure provides that a district court may permit withdrawal of a guilty plea prior to the imposition of sentence "upon a showing by the defendant of any fair and just reason." The defendant thus bears the burden of persuading the trial court that valid grounds for withdrawal exist. See United States v. Rodriguez, 968 F.2d 130, 141 (2d Cir.1992).
 
 
 8
 In the present case, Cherry argues, inter alia, that the ambiguity of the plea agreement as well as his mental incapacitation established fair and just reasons for withdrawal. We disagree. First, we reject Cherry's assertion that the ambiguity of the agreed-to term of imprisonment contained in the plea agreement entitles him to relief. While not a model of clarity, the agreement plainly provided, in bold type, that "the statutorily authorized maximum sentence of twenty years shall be the guideline sentence." See United States v. Cherry, No. S92 Cr. 811, 1996 WL 131864, at * 6 (S.D.N.Y. Mar. 21, 1996). Second, we are unpersuaded that the district court abused its discretion by denying the motion to withdraw the plea after learning that defendant had taken certain medication. Upon learning that Cherry used anxiety medication, the district court asked Cherry numerous questions about his ability to understand the proceeding. In response to each of these questions, Cherry indicated that the medication did not affect his ability to understand. We hold that the district court's finding that Cherry was not suffering from any mental incapacity is not clearly erroneous. See Williams, 23 F.3d at 635.
 
 
 9
 Finally, we reject the claim that the district court should have held an evidentiary hearing prior to denying Cherry's motion. It is well settled that "[a] defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992). Moreover, a hearing need not be granted when a defendant's allegations "merely contradict the record, are inherently incredible, or are simply conclusory." Id. In the present case, we find that virtually all of Cherry's allegations are contradicted by statements he made under oath before the district court, and that he has offered no basis for us to conclude that there are serious questions concerning the voluntariness or general validity of his plea.
 
 
 10
 We have carefully considered Cherry's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation